**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-631

Tabla IP Holdings LLC,

Plaintiff,

v.

Tabla LLC and Karunkar Reddy Kandukuri,

Defendants.
_______________________________/

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Tabla IP Holdings LLC d/b/a Tabla ("Plaintiff"), by its undersigned counsel, Eric D. Frommer Esq. and ATLAS Law Group PLLC, asserts this Verified Complaint for Injunctive Relief and Damages against Defendants Tabla LLC and Karunkar Reddy Kandukuri collectively referred to herein as Defendants and respectfully alleges as follows:

**PARTIES**

1. Plaintiff is a Florida limited liability company with the principal business address of 5829 Grand National Drive, Orlando, Florida 32819

2. On information and belief, Defendant Tabla LLC is a single member Michigan limited liability company, and on information and belief, the principal place of

business and headquarters is located at 38245 W 10 Mile Rd, Farmington Hills, MI 48335. It is owned and managed by Karunkar Reddy Kandukuri.

3. On information and belief, Defendant Karunkar Reddy Kandukuri is an individual with an address of 35077 Pennington Drive, Farmington Hills, MI, and is the owner and manager of Defendant Tabla LLC.

4. On information and belief, Karunkar Reddy Kandukuri at all times referenced was the agent and/or servant and/or owner/principal/manager of Defendant Tabla LLC and personally participated in, directed, authorized and/or approved the unlawful activities described herein,

5. Defendant Karunkar Reddy Kandukuri, at all relevant times herein, knew or reasonably should have known of the acts and behavior alleged herein were unlawful and the damages caused thereby, and by his inaction ratified and encouraged such acts and behavior.

## NATURE OF THE ACTION

6. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; false designation of origin and false advertising under 15 U.S.C. § 1125(a); and common law service mark infringement and unfair competition under Florida common law.

7. Plaintiff has operated a restaurant, bar, café, and catering service since under the Tabla name since March 24, 2008. Plaintiff has continually used the Tabla name in commerce since 2008.

8. In addition to its extensive common law rights, Plaintiff has a registered a service mark with the United States Patent Trademark Office ("USPTO").

9. On July 24, 2008, Plaintiff began using the domain URL name www.tablabar.com and on January 6, 2015, began using the domain URL name www.tablacuisine.com.

10. Tabla brings this lawsuit to stop the service mark infringement, the ongoing consumer and market confusion and the resulting harm that Defendants have caused by adopting and using Plaintiff's mark in connection with the offering of identical service.

11. Defendants have adopted and are using the mark in a domain name offering identical services to consumers and are trading off the reputation and goodwill that Plaintiff has earned through years of hard work and investment, and is thereby unlawfully causing confusion in the marketplace.

12. Because there is no harm that is more irreparable than the loss of reputation that this confusion has and will continue to cause, Plaintiff asks the Court to stop Defendants from using "Tabla" or any other confusingly similar mark, and adopt a non-infringing name, mark and website domain name for its business.

## JURISDICTION AND VENUE

13. This is a civil action for trademark infringement, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, and the common and statutory laws of the State of Florida.

14. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 15 U.S.C. § 1222, as well as supplemental jurisdiction under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction over the state law claims because they are so related to the claims arising under federal law that they form part of the same case and controversy under Article III of the United States Constitution.

15. This Court has personal jurisdiction over Tabla IP Solutions LLC and Defendants, and venue is proper in the District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Tabla IP Solutions LLC is being harmed in this District where a substantial part of the events or omissions giving rise to these claims occurred; and Defendants reside in and are located and registered to do business in this District; and Defendants are is unlawfully using and infringing upon Plaintiff's "Tabla" trademark in this District.

16. This Court has personal jurisdiction over Defendants as they have purposefully availed themselves of the privilege of conducting business in Florida, as evidenced by their website on the World Wide Web. Defendants marketed their restaurant and services on third party platforms such as Uber Eats, Yelp, Doordash,

Toast, and Grubhub. These third-party platforms were accessed and viewed by Florida residents. Defendants have posted defamatory materials about Plaintiff who is a resident of Florida and the defamatory materials can be accessed in Florida. The defendants actions in Florida are such that they should reasonably anticipate being haled into court in Florida. Defendant's contacts with Florida are such that it would not offend traditional notions of fair play and substantial justice to require the defendant to litigate in this court. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

17. Plaintiff began operations in 2008 as 5 Star Restaurants d/b/a Tabla, its ("Predecessor"), in Florida offering restaurant, bar, café, and catering services.

18. Plaintiff have developed special relationships with suppliers and vendors, expertise with respect to the preparation and presentation of Indian, Chinese and Thai food, including a reputation for quality, standards, reliability, pricing, creativity and uniqueness. In connection with its expertise, and at a significant expenditure of time and effort Plaintiff has carefully cultivated its menu, recipes, customers and business relationships based upon years of data collection and deliberate analysis. Plaintiff's knowledge about its customer, including what meals, recipes and dishes sell, what volume the dishes sell at, and what dishes are consistently rated well, the

timing of busy seasons, setting the price point for meals, the best contacts to work with and contract terms that are standard and non-objectionable has all been obtained over time, with significant effort and expense to Plaintiff. Defendants' poor presentation of food, poor service, poor business aesthetics, and poor reviews are not just a direct threat of actual damages to it's reputation, name, and planned growth in the area but is a defamation against Plaintiff's name, mark, and reputation.

19. On December 31, 2024, the United States Patent and Trademark Office ("USPTO) issued registration number 7,594,766 and 7,594,779 for service marks relating to restaurant services; cafe services; catering services; and bar services to Plaintiff for their service mark with a date of first use of April 07, 2008. *See* a true and correct copy of Plaintiff's USPTO Certificate of Registrations for its mark which are attached and incorporated hereto as **Exhibit A**.

20. Since 2008, Tabla has used their mark continuously in commerce as it relates to restaurant, bar, café, and catering services.

21. Plaintiff's mark is inherently distinctive. Plaintiff's service mark applications faced any basis for refusal during the examination period.

22. On information and belief Defendants began their restaurant business in Farmington Hills, Michigan on May 28, 2024, and registered their domain URL name of www.tablaindiancuisine.com on June 4, 2024. Defendant is using the Tabla name without authorization and their URL is deceptively similar to Plaintiff's

www.tablacuisine.com. The logo taken from the www.tablaindiancuisine.com website clearly shows an authorized use and a deceptive similarity to Plaintiff's.

23. Tabla has invested a great deal of time, energy, and money in connection with advertising and promotion of its restaurant bar, café, and catering services.

24. Tabla has developed significant and valuable goodwill in its mark since first commencing use of the mark in interstate commerce.

25. At the time Plaintiff first became aware of Defendant's use of Plaintiff's mark, Plaintiff gave notice of the offending activity and the opportunity to cease and desist.

26. After having notice and opportunity to cease and desist Defendant continued to use the mark that is directed and targeted towards the same group of ultimate consumers as Plaintiff. Attached and incorporated hereto as a composite **Exhibit B** are images of Defendant's website, advertising, signage, state business name registration.

27. Defendants, by their own unlawful conduct, have created and caused actual confusion by engaging in deceptive trade practices, making false and misleading representations about their affiliation with Plaintiff, and misusing Plaintiff's mark.

28. By Defendants continued use of Plaintiff's mark after having notice and opportunity it is easily stated that Defendants are actively, deliberately and intentionally passing themselves off as being affiliated with Plaintiff and its affiliated companies.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO LANHAM ACT §§ 32, 34 (15 U.S.C. §§ 1114, 1116)

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 – 28 of this Complaint as if fully set forth again herein.

30. Without Plaintiff's authorization or consent, Defendants sold or facilitated the sale of goods under Plaintiff's mark, to the consuming public or trade, in direction competition with Plaintiff in or affecting interstate commerce, in violation of the Lanham Act, specifically 15 U.S.C. § 1114 and 1116.

31. Defendants' use of Plaintiff's mark is likely to cause confusion, mistake, degradation, and deception as to the course of sponsorship of Defendants' goods and services, and cause the consuming public or trade to believe that Defendants' good have been approved by Plaintiff or that Defendants are legitimately associated with Plaintiff or authorized by Plaintiff to use its mark.

32. Defendants' conduct is causing immediate and irreparable injury to Plaintiff, its goodwill, and reputation, and will continue to damage Plaintiff and deceive the public unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

33.In addition to permanent injunctive relief, Plaintiff is entitle to recover actual damages, Defendants' profits, cost, and reasonable attorneys' fees pursuant to 15 U.S.C. § 117 in an amount to be determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C. §1117(b).

34.Plaintiff reserves the right to seek statutory damages pursuant to 15 U.S.C. § 1117(c).

35.Plaintiff is further entitled to an Order directing that all items in the possession, custody, or control of Defendants

**COUNT II**

**COMMON LAW UNFAIR COMPETITION**

36.Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 – 28 of this Complaint as if fully set forth again herein.

37.The acts of Defendants have caused unfair and unjust commercial injury to Plaintiff.

38.Because of Defendants' actions, Plaintiff has been, and will be, forced to take corrective action in the marketplace to correct Defendants' misrepresentations regarding Plaintiff's product, has lost business and potential business as a result of that conduct, and has incurred commercial and marketplace damages as a continuing result of same.

39. Defendants' actions constitute a violation of the common-law tort of unfair competition.

Plaintiff is entitled to damages as a result of Defendants' unfair conduct.

**COUNT III**

**FEDERAL UNFAIR COMPETITION PURSUANT TO LANHAM ACT § 43(a) (15 U.S.C. § 1125(d)) (Website)**

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 – 28 of this Complaint as if fully set forth again herein.

41. 15 U.S.C. § 1125(d)(1)(A) provides that:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (ii) registers, traffics in, or uses a domain name that—
>
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark…

42. The infringing domain name that the Defendants have registered are identical to or confusingly similar to one or more of Plaintiff's service marks, trademark, or word mark that are distinctive.

43. The Defendants had no bona fide noncommercial or fair use of Tabla's Marks.

44. The Defendants intended to divert consumers away from the Plaintiff website accessible under Infringing Domain Name that could harm the goodwill represented by the Tabla Service Marks, for commercial gain, and with the intent to tarnish and disparage the Tabla Trademarks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain Name and the Infringing Website.

45. The Defendants' acts have caused and will continue to cause irreparable injury to Tabla IP Holdings. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

46. The Defendants have registered and used the Infringing Domain Name with bad faith intent to profit from Tabla's Mark.

47. Plaintiff has a valid and distinctive domain that was established before the

48. Defendant domain name was registered on October 7, 2015.

49. Defendant's domain name (TablaUSA.com) is confusingly similar to Plaintiff's domain names (Tabla.com) (TablaCusine.com).

50. Defendant has used the domain name (TablaUSA.com) and has

51.If the infringement involves a domain name similar to your service mark, you can bring a cybersquatting claim under the Anti Cyber Squatting Consumer Protection Act (ACPA).

**COUNT IV**

**TRADE LIBEL**

52.Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 – 28 of this Complaint as if fully set forth again herein.

53.Plaintiff has operated in Central Florida for approximately twenty years. Restaurant and Caterer have developed special relationships within the Indian community and have become known for their expertise with respect to the preparation and presentation of Indian, Chinese and Thai food, including a reputation for quality, standards, reliability, pricing, creativity and uniqueness.

54.Plaintiff has developed special relationships with suppliers and vendors, expertise with respect to the preparation and presentation of Indian, Chinese and Thai food, including a reputation for quality, standards, reliability, pricing, creativity and uniqueness. In connection with its expertise, and at a significant expenditure of time and effort Plaintiff has carefully cultivated its menu, recipes, clients and business relationships based upon years of data collection and deliberate analysis.

55.In connection with its expertise, and at a significant expenditure of time and effort Plaintiff has carefully cultivated its menu, recipes, clients and business relationships based upon years of data collection and deliberate analysis.

56.Defendant's actions by using Plaintiff's federally protected name and presenting food of substandard quality, appearance, and presentation have defamed Plaintiff's product, reputation, name, and mark.

57.The Defendant has received poor online reviews and has made a poor and defamatory representation of the Plaintiff efforts, name, quality, product, reputation, and mark.

58.The Defendant has outdoor signage and other advertising that is of poor quality and appearance and serves to defame the Plaintiff's name, quality, product, reputation, and mark.

59.Defendants quality of food, presentation of the food, the atmosphere and ambience, the signage and advertising, and reviews are all published to public and are untrue representations of Plaintiff's food, quality, standard of attention, atmosphere and ambience that Plaintiff has diligently and patiently worked to build and protect.

60.Plaintiff has suffered damages as a result of Defendant's reckless disregard for Plaintiff's reputation, product, name and mark.

## PRAYER FOR RELIEF

Plaintiff has suffered, is suffering, and will continue to suffer irreparable hard and damage as a result of Defendants' aforesaid activities. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Plaintiff's irreparable damage. Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened. By reason of Defendants' acts complained of herein, Plaintiff has suffered monetary damages in an amount not yet determined.

**WHEREFORE**, Plaintiff prays for a final judgment in its favor against Defendants, that:

A. Order that Defendants have violated Sections 32 and 34 of the Lanham Act, 15 U.S.C. §1114;

B. Order that Defendants have violated Section 43(a) of the Lanham Act;

C. Order that Defendants have committed the common law tort of unfair competition;

D. Disgorge profits earned since Defendant has incorporated.

E. Order that Defendants, their agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through, or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, be thereafter permanently enjoined and restrained from:

a. Using the Tabla mark or any colorable imitation thereof;

b. Advertising, distributing, offering for sale or any good or services using the Tabla mark or any variation thereof;

c. Using, in connection with the advertising, offering for sale of any product, any false designation, descriptions or representation stating or implying that Plaintiff is affiliated, or connected with any of the product or services offered by Defendants;

d. Otherwise infringing upon, or diluting Plaintiff's mark or competing unfairly with Plaintiff or injuring its business reputation.

e. Using in any manner the Plaintiff's marks, and any other term or terms likely to cause confusion, as Defendant's domain name, directory, or other such computer address, as the name of their website, in buried code or meta tags, on their home page or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of their goods, services, or website.

f. Disseminating, using or distributing any webpages, advertising, or internet keywords, or any other promotional material whose appearance so resembles Tabla's mark so as to create a likelihood of consution, mistake or deception.

F. Order that Defendants be ordered to take down website

G. For an entry of an ORDER transferring or canceling at Defendant's election, the infringing domain name and any other domain names used by the Defendants to engage in unauthorized activities, to Plaintiff's control so they may no longer be used for unauthorized purposes.

H. Remove of Tabla Indian Restaurant from all 3rd party application, marketing websites, GoogleMaps, and all other websites.

I. Remove the Tabla sign from their building

J. Dissolve or otherwise terminate their Business Name registrations, including any alias business name registrations.

K. Order that Defendants shall immediately notify in writing and direct all publications, including internet websites, search engines and delivery applications in which any advertisements or other references to Defendants' business using the Tabla mark appear, or scheduled to appear, including keyword, sponsored links, or banner ads, to cancel all accounts, advertisements, and references using the Tabla Mark.

L. Order the Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oat setting forth the details the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

M. Order that Defendants be required to account for and pay over to Plaintiff all damages sustained, the amount of which cannot be calculated at this time;

N. Order that Defendants be required to account for an pay over to Plaintiff all profits realized by reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

O. Order that Defendants be required to pay Plaintiff punitive damages as may be permitted by law or in the discretion of the Court;

P. Order that Plaintiff have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff or its products;

Q. Order that Plaintiff be awarded the costs and disbursements of this action, together with all reasonable attorneys' fees and lawful interest; and

R. Order that Plaintiff shall have such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Nora Jain, being duly sworn, depose and say that I am the Plaintiff in the above-captioned case, and that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge and belief.

Further, I say that I understand that I am making this statement under penalty of perjury.

______________________________
Plaintiff's Signature

Anshu Jain
Printed Name of Plaintiff

Dated: March 28, 2025

Respectfully Submitted,

By: */s/ Eric Frommer*
ERIC D. FROMMER, ESQ.
FBN: 0023163
ATLAS LAW GROUP PLLC
5829 Grand National Drive
Orlando, Florida 32819
407-581-5049 – direct
321-217-0032 – mobile
ericfrommer@hotmail.com
e.frommer@atlaslaws.net

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Tabla

**Reg. No. 7,594,766**
**Registered Dec. 10, 2024**
**Int. Cl.: 43**
**Service Mark**
**Principal Register**

TABLA IP HOLDINGS LLC (FLORIDA LIMITED LIABILITY COMPANY)
5829-5847 GRAND NATIONAL DRIVE
ORLANDO, FLORIDA 32819

CLASS 43: Bar services; Cafe services; Catering services; Restaurant services; Restaurants; Fast-food restaurant services; Self-service restaurant services

FIRST USE 7-4-2008; IN COMMERCE 7-4-2008

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 98-253,468, FILED 11-03-2023

# United States of America
## United States Patent and Trademark Office

Tabla

**Reg. No. 7,594,779**
**Registered Dec. 10, 2024**
**Int. Cl.: 43**
**Service Mark**
**Principal Register**

TABLA IP HOLDINGS LLC (FLORIDA LIMITED LIABILITY COMPANY)
5829-5847 GRAND NATIONAL DRIVE
ORLANDO, FLORIDA 32819

CLASS 43: Bar services; Cafe services; Catering services; Restaurant services; Restaurants; Fast-food restaurant services; Self-service restaurant services

FIRST USE 9-28-2015; IN COMMERCE 9-28-2015

The color(s) red and black is/are claimed as a feature of the mark.

The mark consists of a red Chinese character inside a black circle. To the right of the circle, the word "TABLA" is displayed in stylized black lettering. The color white is for background purposes only and is not claimed as a feature of the mark.

The non-Latin characters in the mark transliterate to "JI" and this means "GOOD LUCK" in English.

SER. NO. 98-255,156, FILED 11-04-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

# EXHIBIT B



LARA Home Contact LARA Online Services News MI.gov

LARA Corporations Online Filing System

Department of Licensing and Regulatory Affairs

**ID Number:** 803223468 Request certificate Return to Results New search

**Summary for:** TABLA LLC

**The name of the DOMESTIC LIMITED LIABILITY COMPANY:** TABLA LLC

**Entity type:** DOMESTIC LIMITED LIABILITY COMPANY

**Identification Number:** 803223468

**Date of Organization in Michigan:** 05/28/2024

**Purpose:** All Purpose Clause

**Term:** Perpetual

**The name and address of the Resident Agent:**

Resident Agent Name: KARUNAKAR REDDY KANDUKURI

Street Address: 35077 PENNINGTON DR

Apt/Suite/Other:

City: FARMINGTON HILLS State: MI Zip Code: 48335

**Registered Office Mailing address:**

P.O. Box or Street Address: 35077 PENNINGTON DR

Apt/Suite/Other:

City: FARMINGTON HILLS State: MI Zip Code: 48335

**Act Formed Under:** 023-1993 Michigan Limited Liability Company Act

**Acts Subject To:** 023-1993 Michigan Limited Liability Company Act

**Managed By:**

12:37 PM 3/18/2025




google.com/maps/uv?pb=!1s0x8824af783c8a8841%3A0x4e07918697cca020!3m1!7e115!4s%2Fmaps%2Fplace%2Ftabla%2Bfarmington%2Bhills%2Bmichigan%2F%4042.4680568%2C-83.4252933%2C3a%2C75y%2C160.31h%2...
Finish update
RealForeclose- Oran...
E-Portal Filing
Open Timeclock
LawInsider - Contra...
Marriott Extranet Lo...
ADP
ChatGPT - Login pa...
COURT iCalendar
SHRM Login
The Wage & Hour...
Process Server
NACLE | In-House C...
All Bookmarks
Farmington Hills, Michigan
Google
Expand side panel
Tabla
ENERGY
MASSA
Image capture: Nov 2024 © 2025 Google Terms Privacy
12:49 PM
3/18/2025


https://www.yelp.com/biz/tabla-indian-cuisine-farmington-hills?osq=Tabla+Indian+Restaurant
yelp
Tabla Indian Restaurant
Farmington Hills, MI
Yelp for Business
Write a Review
Start a Project
Log In
Sign Up
Restaurants
Home Services
Auto Services
More
Tabla Indian Cuisine
3.0 (2 reviews)
Claimed • Indian
Closed 4:00 PM - 10:00 PM See hours
See all 4 photos
Write a review
Add photo
Share
Save
Menu
Website menu
Full menu
People also searched for
Chicken Tikka Masala
Momos
Dosas
Veg Momos
Order Food
Takeout
Delivery
No Fees
Pick up in 20-30 mins
Start Order
tablaindiancuisine.com
(248) 536-2650
12:55 PM
3/18/2025


https://www.ubereats.com/store/tabla-indian-cuisine/idH05N0DTfKN-yvEp8jOig?diningMode=DELIVERY&sc=SEARCH_SUGGESTION
Uber Eats
Enter delivery address
Log in
Sign up
Tabla Indian Cuisine
3.9 ★ (29) • Indian • Vegetarian • Asian • Info
Delivery unavailable
38245 W 10 Mile Rd, Farmington Hills, MI 48335
Group order
Get it delivered to your door.
Log in for saved address
Enter your address
$0 delivery fee
new customers
Enter address
to see delivery time
W 10 MILE RD
Tabla Indian Cuisine
Rating and reviews
3.9
29 Ratings
"lovely indo Chinese reminded me a bit of Mumbai"
★★★★★ • nikhil S. • 11/16/24
"Delicious and the perfect amount of spicy"
★★★★★ • Jourdan K. • 03/13/25
Show more
38245 W 10 Mile Rd
Farmington Hills, MI
Too far to deliver
Open until 3:00 PM
Menu
11:30 AM – 3:00 PM
Search in Tabla Indian Cuisine
Appetizers Non-Veg
Appetizers Veg
Biryani/Pulav
Breads
Cold Beverages
Curries Non-Veg
Curries Veg
Desserts
Dosa/Idli
12:57 PM
3/18/2025


https://www.doordash.com/store/tabla-indian-cuisine-farmington-hills-29708756/40676346/?cursor=eyJzZWFyY2hfaXRlbV9jYXJvdXNlbF9jdXJzb3IiOnsicXVlcnkiOiJUYWJsYSAiLCJpdGVtX2lkcyI6W10sInNlYXJjaF90ZXJtIjoidGFibGEiLCJ2ZXJ0aWNh...
DOORDASH
Farmington Hills
0
Sign In
Sign Up
Home / Farmington Hills / Indian / Tabla Indian Cuisine
Tabla Indian Cuisine
Search Tabla Indian Cuisine
Store Info
Open now • Closes at 2:40 PM
Newly Added • 2.9 mi
$$ • Tabla Indian Cuisine
See More
Delivery
Pickup
Group Order
$0 delivery fee, first order
pricing & fees
42 min
delivery time
Featured Items
Hyderabadi Chicken Dum Biryani
$16.09
Aloo Samosa (3 PCS)
$6.89
Chilli Chicken
$12.99
Mango Lassi
$5.74
Sugarcane Juice
$6.89
Vegetable Pulav
$13.79
Full Menu
11:30 am - 2:40 pm; 5:00 pm - 9:40...
Featured Items
Most Ordered
Appetizers Non-veg
Appetizers Veg
Biryani/pulav
Breads
Cold Beverages
Curries Non-veg
Curries Veg
Most Ordered
Enjoy $0 delivery fee on your first order
Hyderabadi Chicken Dum Biryani
Slow-cooking Basmati rice and spicy chicken curry in a
Aloo Samosa (3 PCS)
Aloo samosa is a popular Indian snack that consists of a
12:58 PM
3/18/2025



https://www.grubhub.com/restaurant/tabla-indian-cuisine-38245-w-10-mile-rd-farmington-hills/8977496

GRUBHUB Farmington Hills, MI

Tabla Indian Cuisine

Sign in

Asian, Indian, Soul Food • $$

# Tabla Indian Cuisine

★ 4.0 • 19 ratings • 38245 W 10 Mile Rd • (248) 514-2221 • Fees info

Delivery 30–45 min

Pickup 3.6 mi • 20–30 min

Preorder

Start group order

Categories About Reviews

Search Tabla Indian ...

Appetizers Non-Veg

Appetizers Veg

Biryani/Pulav

Breads

Cold Beverages

Curries Non-Veg

## Appetizers Non-Veg

**Appolo Fish**

Bite-sized pieces of fish that are marinated in a spicy mixture of Indian spices, coated with a light batter, and then deep-fried until crispy and golde...

$14.99

**Chicken 555**

$12.99

**Chicken 65 (Dry)**

**Chicken 65 (wet)**

Bite-sized pieces of chicken that are marinated in a

12:59 PM
3/18/2025